SO ORDERED: May 27, 2011.



_____
**Frank J. Otte
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

IN RE:                                                                  CASE NO. 11-80505 FJO-13
    SCOTT A. JOHANSEN, SR. and
    JACKIE L. JOHANSEN,
        Debtor(s).

<u>ORDER CONFIRMING CHAPTER 13 PLAN</u>

      The Plan of the Debtor(s) was filed. A summary of the Plan was transmitted to the creditors under Bankruptcy Rule 3015. The Court finds that the Plan meets the requirements of 11 U.S.C. § 1325 including the following:

      1. The Plan complies with the provisions of this Chapter and with the other applicable provisions of this title.

      2. Any fee, charge, or amount required under Chapter 123 of Title 28 or by the Plan to be paid before confirmation, has been paid. The Trustee shall charge such percentage fee as may periodically be fixed by the Attorney General pursuant to 28 U.S.C. § 586(e).

      3. The filing of the Petition and the Plan has been proposed in good faith and not by any means forbidden by law.

      4. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under Chapter 7 of this title on such date.

    5.  With respect to each allowed secured claim provided for by the Plan, the holder of such claim has either accepted the Plan, the property has been surrendered, or the Plan provides that the holder of such claim retain the lien securing such claim, until the earlier of (a) the payment of the underlying debt determined under non-bankruptcy law or (b) discharge under Section 1328.  The value, as of the effective date of the Plan, of payments to be distributed under the Plan with interest from the date of this Order, is as follows:

| CREDITOR | DESCRIPTION | VALUE |
|---|---|---|
| CitiMortgage | Real estate<br>141 S. 9th St.<br>Clinton, IN 47842 | Secured |

    A.  The Trustee is authorized to pay post-petition monthly mortgage payments of $473.00 (estimated) beginning May, 2011.

    B.  The Trustee is authorized to cure a pre-petition arrearage in the estimated sum of $8,500.00 pursuant to Proof of Claim filed  , without further interest upon said arrearage.

    C.  **No late charges, fees or other monetary amounts shall be assessed based on the timing of any payments made by the Trustee under the provisions of the Plan, unless allowed by Order of the Court**.

*The Trustee reports that this mortgage creditor has not yet filed a Proof of Claim and that the foregoing estimated current monthly installment and the estimated pre-petition arrears are merely estimates of the Debtors.  The filed Proof of Claim shall control as to the claim amount for pre-petition arrearage and the post-petition current monthly mortgage installments.*

| | | |
|---|---|---|
| HSBC | Junior mortgage<br>141 S. 9th St.<br>Clinton, IN 47842 | Lien Avoidance |

(The Debtors will file a separate motion or adversary proceeding to avoid the wholly unsecured mortgages or other liens that impair exemptions.)

| | | |
|---|---|---|
| First Financial Bank | 2006 Chrysler Town and Country | $9,225.00 (4.25%) |

(Secured claim to which Section 506 valuation is applicable.)

| | | |
|---|---|---|
| CitiFinancial | 1996 Toyota | $800.00 (4.25%) |

(Secured claim to which Section 506 valuation is applicable.)

Personal Finance Company        Personal property                    $500.00 (4.25%)
    (The Trustee reports agreement following Section 341 meeting; claim to be amended to conform to agreement.)

The Debtor(s) shall maintain (a) physical damage insurance on their property covering both the interest of the Debtor and the interest of any creditor lienholder (as loss payee) in such property, and (b) liability insurance on any vehicle owned by the Debtor.

Any creditor filing a claim as secured which is not set forth above shall be deemed to be unsecured and paid prorata with unsecured claims, except priority tax claims.

6. The Debtor(s) will be able to make all payments under the Plan and to comply with the Plan.

7. The Debtor has paid all amounts that are required to be paid under a domestic support obligation and that first became payable after the date of the filing of the petition if the Debtor is required by a judicial or administrative order, or by statute, to pay such domestic obligation.

8. The Debtor has filed all applicable Federal, State, and local tax returns as required by section 1308.

9. Pursuant to the recommendation of the Chapter 13 Trustee, and absent a contrary order or objection, the Court further finds that it is in the best interests of the creditors and the estate to hold the hearing on confirmation earlier than 21 days after the date of the meeting of creditors under Section 341(a).

IT IS ORDERED that:

The Chapter 13 Plan of the Debtor(s) is CONFIRMED including the following provisions:

1.  Payment: PAYMENT AMOUNT:        $975.00 per month
    Period of Payments:              60 months
    Total Payments* to Trustee:      $58,500.00 plus any portion of tax refunds directed by Trustee, or such other amount necessary for the execution of the Plan.

A Plan may be modified only following motion, notice to all creditors and parties in interest, and a hearing pursuant to 11 U.S.C. § 1329.

    Payable to:   Donald L. Decker
                     Chapter 13 Trustee
                     P.O. Box 206
                     Memphis, TN 38101-0206

**\*The total amount stated to be paid into the Plan is based on the assumption that all payments will be made in a timely manner, that the total payments will be sufficient to pay all allowed secured, priority, and administrative claims in full, and that the Trustee fee percentage will not increase during the life of the Plan.  Late payments will increase the interest paid on secured claims and will, in turn, increase the total amount to be paid in the Plan.  The total of payments must at least pay all allowed secured, priority, and administrative claims in full.**

2. The attorney for Debtor(s) is allowed a fee as follows:

| ATTORNEY | FEE ALLOWED | FEE PAYABLE BY THE ESTATE |
|---|---|---|
| Kevin S. Kinkade | $3,500.00 | $3,300.00 |

3. The Court may order the debtor's employer or any entity from whom the debtor receives income to pay all or any part of such income to the trustee.

4. The value of the security interest, if any, is as shown above in the findings.

5. If an Order Lifting the Stay is entered, the Trustee may adjust the claims relating to that collateral to the amount paid to the date the Trustee received the Order, and make no further payment upon said claim.

6. That the administrative expenses of the Trustee shall be paid in full pursuant to 11 U.S.C. § 503(B), 1326(B)(2), and U.S.C. § 586(E)(1)(B).  In the event this case is converted to one under Chapter 7, the Chapter 13 Trustee shall disburse funds received prior to conversion to the creditors pursuant to the confirmed Plan.

7. If the Debtor is engaged in business, the Trustee is not ordered to perform further duties specified in § 1302(c) until further order of this Court.

8. Debtor(s) shall be required to provide to the office of the Standing Trustee a copy of each federal income tax return filed during the life of this Plan, and turn over to the Trustee any federal income tax refunds, received, as directed by the Trustee.

9. Additional Terms: None.

###